2004 DEC 23 A 11:22
CLERK
U.S. BANKRUPTCY
COURT - PGH lw

Peggy M. Barker (85006)
Malinda L. Langston  (87691)
Attorneys for Plaintiff

## COMMONWEALTH OF KENTUCKY
### MADISON CIRCUIT COURT
### CASE NO.

ANTHONY CRANE RENTAL, LIMITED   :   Case No. 04-CI- 00308
PARTNERSHIP, d/b/a MAXIM CRANE
WORKS   :   (Judge Jennings)
P.O. Box 308
Newport, KY 41072   :

:   **COMPLAINT**

:

            Plaintiff,   :

:

vs.   :

WILLIAM T.  KANE, INC.   :
1679 Willowbrook Drive
Fort Mill, SC 29715   :

:

SERVE:  c/o Kentucky Secretary of State   :
            P.O. Box 718
            Frankfort, Kentucky  40602   :

:

and   :

WILLIAM T. KANE   :
1679 Willowbrook Drive
Fort Mill, SC 29715   :

:

and   :

THE HARTFORD FIRE INSURANCE   :
COMPANY
10507 Timberwood Circle Suite 208
Louisville, KY 40223   :

SERVE:  c/o Kentucky Secretary of State   :
            P.O. Box 718
            Frankfort, Kentucky  40602   :

:

and   :

:

JAMES R. LEAKE & SON, INC.            :
147 South Estill Avenue
Richmond, KY 40475                    :

SERVE:  Registered Agent:            :
        Charles R. Coy
        212 North 2nd Street         :
        Richmond, Kentucky  40475
                                     :
and
                                     :
FEDERATED STEEL, INC.
181 Trade Street                     :
Lexington, KY 40511
                                     :
SERVE:  Registered Agent:
        Steven A. Wides              :
        107 Church Street
        Lexington, Kentucky  40507   :


        Defendants.

        Comes now Plaintiff, Anthony Crane Rental, Limited Partnership d/b/a Maxim Crane

Works, by and through counsel, and for its Complaint against William T. Kane, Inc., William T.

Kane, The Hartford Fire Insurance Company, James R. Leake & Son, Inc. and Federated Steel,

Inc., states and alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, Anthony Crane Rental, Limited Partnership d/b/a Maxim Crane Works

        ("Maxim"), is a foreign limited partnership duly registered with the Kentucky

        Secretary of State to conduct business within the Commonwealth of Kentucky.

2.      Defendants, William T Kane, Inc. and William T. Kane contracted with Plaintiff in

        Madison County, Richmond, Kentucky.

3.      Defendant, The Hartford Fire Insurance Company ("Hartford"), insured a

        Performance Bond on the Health Education Center- Phase I at the Eastern Kentucky

        University project in Madison County, Richmond, Kentucky.

2

4.     Defendant, James R. Leake & Sons, Inc. ("Leake & Son") is a Corporation organized under the laws of the Commonwealth of Kentucky and is located in Richmond, Madison County, Kentucky.

5.     Defendant, Federated Steel, Inc. ("Federated") is a corporation organized under the laws of the Commonwealth of Kentucky.

6.     Pursuant to KRS §454.210, jurisdiction for this action is proper in the Commonwealth of Kentucky.

7.     Pursuant to KRS §454.210 (4), venue is proper in Madison County, Commonwealth of Kentucky.

## FACTUAL BACKGROUND

8.     Defendant, Leake & Son, is the general contractor for the Health Education Center – Phase I at Eastern Kentucky University project ("Health Education Center project").

9.     Defendant Leake & Son, hired Defendant, Federated, as a subcontractor for work on the Health Education Center project.

10.     Federated hired Defendant, William T. Kane, Inc. and/or William T. Kane, as a subcontractor for work on the Health Education project.

11.     At all times relevant hereto, Plaintiff was in the business of leasing equipment, specifically cranes.

12.     On or about May 15, 2003, Defendants, William T. Kane, Inc. and/or William T. Kane, entered into a written contract to lease a Terex RT175, 75 ton rough terrain crane ("Terex crane") for use on the Health Education Center project. (*See* contract attached hereto as Exhibit A).

13.     On or about May 17, 2003, as instructed, Plaintiff delivered the Terex crane to the construction site at the Health Education Center project.

14. The Terex crane remained in use on the Heath Education Center project site from May 17, 2003 through October 5, 2003 when it was retrieved by Plaintiff.

15. Defendants, Leake & Son and Federated utilized the Plaintiff's Terex crane to work on the Health Education Center project.

16. The monthly charges for the Terex crane rental was $8,000 plus tax. (*See* Exhibit A).

17. Pursuant to the written contract, the Terex crane was to be returned in the same condition as it was in when it was delivered to the Health Education Center project site or payment to repair the subject crane to its previous condition would be charged.

18. Plaintiff sent Defendants, William T. Kane and/or William T. Kane, Inc., monthly invoices for the rental of the Terex crane. (*See* Exhibit B).

19. Plaintiff sent Defendants, William T. Kane and/or William T. Kane, Inc., an invoice for required repairs to the Terex crane. (*See* Exhibit C).

20. Defendant, Federated, made one payment to Plaintiff towards the charges for the rental of the Terex crane.

21. Defendants have failed to make any other payment for the Terex crane rental and repair.

22. As required, when awarded the contract by the Commonwealth of Kentucky, Leake & Son contracted with Defendant, Hartford as surety for a Performance Bond to insure performance and payment of the construction on the Health Education Center project. (*See* Exhibit D).

23. The Performance Bond issued by Hartford bonds payment for subcontractors such as Plaintiff. (*See* Exhibit D).

24. Despite filing a claim and repeated requests for payment Plaintiff has failed to receive payment from Hartford as required under the Performance Bond.

## COUNT I
### (Breach of Contract)

25.   Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 24 above as if fully rewritten herein.

26.   William T. Kane, Inc. and William T. Kane breached the written contract with Maxim by failing to pay for the monthly rental charges for the subject crane and by failing to pay for the costs to repair the crane.

27.   Plaintiff has been damaged by Defendants' breach of contract.

## COUNT II
### (Unjust Enrichment)

28.   Plaintiff incorporates herein by reference all allegations in paragraphs 1 through 27 above as if fully rewritten herein.

29.   Defendants, William T. Kane, Inc., William T. Kane, Leake & Son, and Federated have been unjustly enriched to Maxim's detriment, as Defendants have benefited from the use and presence of the rented Terex crane but have failed to pay the charges for the rental and repair of the subject crane.

30.   Maxim demands payment for the rental and repair of the subject crane.

## COUNT III
### (Breach of Contract / Third Party Beneficiary)

31.   Plaintiff incorporates herein by reference all allegations in paragraphs 1 through 30 above as if fully rewritten herein.

32.   Leake & Son contracted with surety, Hartford for a Performance Bond to insure the performance and payment for the work on the Health Education Center project.

33.   Plaintiff provided a Terex crane which was used on the Health Education Center project.

34.        Plaintiff has not been paid for the lease and repairs to the subject crane from use on the Health Education Center project.

35.        Plaintiff is a third party beneficiary of the Performance Bond contracted by Leake & Son, surety Hartford.

36.        Plaintiff is entitled to payment under the bond as a third party beneficiary.

## COUNT IV
### (Payment on Bond)

37.        Plaintiff incorporates herein by reference all allegations in paragraphs 1 through 36 above as if fully rewritten herein.

38.        Defendant, Leake & Son obtained a Performance Bond to insure the performance and payment for the construction on the Health Education Center project from Defendant, Hartford.

39.        As allowed under the terms of the Performance Bond, Plaintiff made a claim for its unpaid invoices from equipment rented for construction on the Health Education Center project.

40.        Hartford has improperly failed to honor the Performance Bond by failing to pay Plaintiff's claim.

41.        Plaintiff has been damaged by Hartford's failure to pay as required under the Performance Bond.

## COUNT V
### (Breach of Duty of Good Faith and Fair Dealing)

42.        Plaintiff incorporates herein by reference all allegations in paragraphs 1 through 41 above as if fully rewritten herein.

43.        Hartford owed Plaintiff a common law duty of good faith and fair dealing with regard to Plaintiff's claim for payment under the Performance Bond.

44.    Hartford has breached its duty of good faith and fair dealing by willfully, recklessly and maliciously failing to pay Plaintiff on its claim.

45.    Plaintiff is entitled to actual and punitive damages for Hartford's breach of duty of good faith and fair dealing.

### COUNT V
**(Breach of Duty of Good Faith and Fair Dealing
Kentucky Unfair Claims Settlement Practices Act)**

46.    Plaintiff incorporates herein by reference all allegations in paragraphs 1 through 45 above as if fully rewritten herein.

47.    Hartford owed Plaintiff a duty of good faith and fair dealing under the Kentucky Unfair Claims Settlement Practices Act with regard to Plaintiff's claim for payment under the Performance Bond.

48.    Hartford has breached its duty of good faith and fair dealing by willfully, recklessly and maliciously failing to pay Plaintiff for its claim.

49.    Plaintiff is entitled to actual and punitive damages for Hartford's breach of duty of good faith and fair dealing.

WHEREFORE, Plaintiff, Anthony Crane Rental d/b/a Maxim Crane Works, respectfully requests judgment in its favor in an amount in excess of the minimum jurisdictional amount of this court, plus prejudgment and post judgment interest, attorneys fees, court costs, and such other and further relief as the court deems just and appropriate.

Respectfully submitted,

Peggy M. Barker (#85006)
Malinda L. Langston (#87691)
Attorneys for Plaintiff
KOHNEN & PATTON LLP
PNC Center, Suite 800
201 East Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 381-0656
Facsimile: (513) 381-5823
pbarker@kohnenpatton.com
mlangston@kohnenpatton.com

## REQUEST FOR SERVICE

I hereby request that a copy of the foregoing Complaint be served by Certified Mail as follows upon the following Defendant:

WILLIAM T. KANE
1679 Willowbrook Drive
Fort Mill, SC 29715

JAMES R. LEAKE & SON, INC.
147 South Estill Avenue
Richmond, KY 40475

THROUGH ITS REGISTERED AGENT:
    Charles R. Coy
    212 North 2nd Street
    Richmond, Kentucky 40475

FEDERATED STEEL, INC.
181 Trade Street
Lexington, KY 40511

THROUGH ITS REGISTERED AGENT:
    Steven A. Wides, Esq.
    107 Church Street
    Lexington, Kentucky 40507

-Continued-

Plaintiff further requests that the foregoing Complaint be served via Kentucky Secretary of State upon the following Defendants:

WILLIAM T. KANE, INC.
1679 Willowbrook Drive
Fort Mill, SC 29715

THE HARTFORD FIRE INSURANCE COMPANY
10507 Timberwood Circle Suite 208
Louisville, KY 40223

Malinda L. Langston

181251.1:MA067-LI004

FROM :                                                            FAX NO. :                              May. 15 2003 01:47PM  P1

RightFax                    5/15/2003   1:18    PAGE 2/6    RightFax



05/15/2003                                                                        Contract #: 23731

# MAXIM CRANE WORKS

Local Branch: P.O. Box 308 Newport, KY 41072

P.O. #:                                                                              Kentucky
                                                                              Revised October 7, 2002

## EQUIPMENT LEASE - BARE RENTAL AGREEMENT

THIS EQUIPMENT LEASE-BARE RENTAL AGREEMENT (this Lease) is entered into as of the __15th__ day of __May__, __2003__, by and between Anthony Crane Rental, Limited Partnership dba Maxim Crane Works (the Lessor) and the Lessee (the Lessee) identified as follows:

| Lessee Name: William T. Kane | | | Lessee is a: Corporation | | |
|---|---|---|---|---|---|
| Lessee Street Address: P.O. Box 12408 | | | Lessee Billing Street Address (if different): | | |
| Lessee City: Rock Hill | State: SC | ZIP: 29731 | Lessee City: | State: | ZIP |
| Local Contact Name: Bill Kane | Position: | | Lessee Phone No.: 83-366-4813 | | Lessee Fax No.: 803-366-3011 |

### LIST OF EQUIPMENT AND ACCESSORIES LEASED

| Equipment and Accessories Description/Model/Serial/Unit # | | Replacement Value | Last Annual Inspection Date | Rental Rate | | |
|---|---|---|---|---|---|---|
| | | | | Per Month | Per Week | Per Day |
| Unit #5403, Terex RT175, 75 ton rough terrain crane. S/N: 57797 | | $465,000.00 | | $8,000.00 | | |
| Freight In: $750.00 | Freight Out:N/A | Serviceman charges at  per plus travel. | | | | |
| Other: | | | | | | |

Lessor hereby leases to Lessee the equipment and accessories identified above (the "Equipment"), and Lessee agrees to lease and pay for such Equipment from Lessor, subject to the terms and conditions of this Lease, at the Rental Rate listed above, for a minimum of __one (1) month__ commencing on __05/15/2003__, which minimum rent shall be paid on demand. All Equipment shall remain in Lessee's possession and control at all times. The Equipment is to be located at:  Eastern Kentucky University

THE EQUIPMENT IS RENTED TO LESSEE ON A **BARE RENTAL BASIS ONLY**, in its "As Is" condition. Lessee, at its own expense, shall transport, operate, inspect, maintain and repair the Equipment, and return the Equipment to Lessor in the same condition as when delivered to Lessee, ordinary wear and tear from normal use excepted. LESSEE IS RESPONSIBLE FOR ENSURING COMPLIANCE BY IT AND ITS EMPLOYEES/AGENTS, AND OF THE EQUIPMENT ITSELF, WITH ALL APPLICABLE LAWS, REGULATIONS AND ORDINANCES, INCLUDING THE OCCUPATIONAL SAFETY AND HEALTH ACT AND REGULATIONS (SPECIFICALLY 29 C.F.R. 1926, SUBPART N – CRANES, DERRICKS, HOISTS, ELEVATORS AND CONVEYORS). and ALL APPLICABLE ANSI STANDARDS. Lessor shall have no responsibility of any kind for compliance with any such laws, regulations or ordinances during the period the Equipment is in Lessee's possession or control. See Operation and Inspection, Maintenance and Record Keeping requirements in the Terms and Conditions. Maxim's Rental Equipment Service Policy is incorporated herein by reference.

This Lease is expressly subject to the Terms and Conditions on the following pages, which are incorporated by reference. Lessee is placed on notice that the terms and conditions on the following pages contain provisions that, among other things: **require Lessee to indemnify others, including the Lessor (unless loss is due to Lessor's sole negligence or willful misconduct); waive all jury trials, and eliminate all warranties.**

Lessee acknowledges that it has read and understands this Lease in its entirety, including the Terms and Conditions on the following pages. This Lease is executed by a duly authorized representative of Lessor.

William T. Kane                                            Maxim Crane Works
                                                          Anthony Crane Rental, L.P. dba Maxim Crane Works
(Lessee Name: Print or Type)

By: _William T. Kane_                                      By: _Gary W. Hoffman_

_William T. KANE_
(Print Name and Title)
                                                          (Print Name and Title)
(Lessee Witness)                                          P.O. Box 308 Newport, KY 41072
                                                          (Lessor's Local Office Address)
                                                          Phone: 859-441-7400 Fax: 859-442-6202
                                                          (Lessor's Local Phone & Fax Number)

Terms And Conditions

1  Term  The Lease begins on the date the first piece of Equipment is shipped to Lessee, and ends on the date the last piece of Equipment is returned to Lessee

2  Operation  The Equipment shall be operated, inspected, maintained and repaired only by experienced, competent persons under Lessee's supervision and control  The Equipment shall be operated in a safe and lawful manner at all times, and in accordance with the manufacturer's operation manual, OSHA rules and ANSI standards  Lessee's operation of the Equipment shall not exceed the manufacturer's safety requirements and rated load capacities  Equipment shall not be used when overloaded, while the operator is under the influence of drugs or alcohol in violation of state or federal law, or to carry persons or property for hire.

3  Compliance with Laws and Standards:  Lessee shall comply with and conform to all laws, regulations, ordinances, rules and orders of any governmental entity relating to the possession, transportation, use, maintenance and repair of the Equipment, including but not limited to, all OSHA laws and regulations.  Lessee shall also comply with all applicable ANSI Standards.  Lessee shall indemnify and save Lessor harmless against actual or asserted violations thereof.

4  Title:  All Equipment shall remain the property of Lessor at all times  Any Attachments, accessions, replacement parts, repairs or additions to the Equipment shall automatically become Lessor's property  Lessee shall keep the Equipment free from any and all liens, encumbrances and claims whatsoever, and shall not do or permit any act which may encumber or impair Lessor's title or rights in the Equipment

5  Acceptance  Lessee shall inspect the equipment immediately upon delivery  Acceptance of Equipment constitutes Lessee's acknowledgment that it has inspected the Equipment and it is in good, safe, serviceable condition, and fit for the use intended.  If the Equipment thereafter proves defective or unfit for use because of accident or otherwise, Lessee's sole remedy is to return the Equipment and terminate this Lease  Lessee shall pay all rental and other amounts due prior to termination, which shall never be less than rent due for the minimum rental period, transportation charges, and costs of any repairs

6  Insurance:  Lessee, at its expense, shall take out, carry and maintain the following insurance in full force during the term of this Lease:

   a.   Comprehensive general liability, including contractual liability, protecting against liability for property damage and personal injury or death arising out of the possession, use, operation, maintenance and repair of the Equipment, with limits of liability not less than $500,000/$1,000,000 or $ 1,000,000 CSL;

   b   Automobile liability, protecting against liability for property damage and personal injury or death arising out of the possession, use, operation and transportation of the Equipment, with limits of liability not less than $500,000/$1,000,000 or $ 1,000,000 CSL,

   c   Inland marine all risk coverage (physical damage insurance), with any overload, boom and jib exclusion deleted, for the full replacement value of the Equipment in the amount indicated on the face hereof,

   d.   Umbrella liability with limits of liability of not less than $1,000,000, and

   e   Workers' compensation and employer's liability insurance, in accordance with all applicable state and federal laws

All insurance required hereunder shall be deemed primary insurance of Lessor, shall name Lessor as an additional insured party and loss payee, shall be maintained with responsible insurance companies of recognized standing, and shall provide that the coverage thereunder may be altered or canceled only after not less than 30 days prior written notice to Lessor  Lessee is solely responsible for any insurance premiums and deductibles, and loss of usage of the Equipment.  No "Other Insurance" provisions shall be applicable to Lessor or their underwriters by virtue of being named as an additional insured party and/or loss payee under the policy.  Lessee shall furnish Lessor with certificate(s) of insurance evidencing such coverage.

7  INDEMNIFICATION  LESSEE SHALL DEFEND, INDEMNIFY, AND HOLD HARMLESS THE LESSOR AND ITS OFFICERS, DIRECTORS, SHAREHOLDERS, PARTNERS, MEMBERS, MANAGERS, EMPLOYEES, AFFILIATES, REPRESENTATIVES AND AGENTS (THE "INDEMNITEES") FROM ANY AND ALL ACTIONS, CAUSES OF ACTION, CLAIMS, SUITS, DEMANDS, INVESTIGATIONS, OBLIGATIONS, JUDGMENTS, LOSSES, COSTS, LIABILITIES, DAMAGES, FINES, PENALTIES AND EXPENSES, INCLUDING ATTORNEY'S FEES, WHICH ARE INCURRED BY, ACCRUED, ASSERTED, MADE OR BROUGHT AGAINST, OR RECOVERABLE FROM ANY OF THE INDEMNITEES ARISING FROM OR RELATING TO, DIRECTLY OR INDIRECTLY, THE LESSEE'S ACCEPTANCE, POSSESSION, TRANSPORT, USE, OPERATION, CONTROL, MAINTENANCE AND/OR REPAIR OF THE EQUIPMENT, WHETHER OR NOT THE SAME ARISES FROM DAMAGE TO PROPERTY (REAL OR PERSONAL), INJURY OR DEATH TO PERSONS (INCLUDING BUT NOT LIMITED TO LESSEE'S EMPLOYEES, AGENTS AND REPRESENTATIVES), FAILURE TO COMPLY WITH APPLICABLE LAWS, REGULATIONS AND ORDINANCES, THE EQUIPMENT CONDITION, THE LOSS OF USE OR SEIZURE OF THE EQUIPMENT, OR OTHERWISE, EXCEPT TO THE EXTENT THE SAME ARE CAUSED BY THE INDEMNITEES' SOLE NEGLIGENCE OR WILLFUL MISCONDUCT.  LESSEE'S OBLIGATION TO INDEMNIFY THE INDEMNITEES SHALL SURVIVE THE TERMINATION OF THIS LEASE.

8  NO WARRANTIES  LESSOR EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS AND IMPLIED WARRANTIES AS TO THE EQUIPMENT, INCLUDING ANY WARRANTY OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE.  LESSOR SHALL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES relating to THE POSSESSION, transport, use, operation, control, maintenance and/or repair of the Equipment, or any loss, damage or injury resulting therefrom.

9  Rent Adjustments  All Rental Rates are based on an 8 hour day (daily rentals), 40 hour week (weekly rentals), or 160 hour month (monthly rentals), on a single day-shift operation.  Lessee shall pay a proportionate hourly charge for all excess hours of usage  Lessee shall not be entitled to any abatement, deduction, reduction, set-off, counterclaim, recoupment or defense against rent for any reason, including any non-working time of the Equipment

10  Transportation  The Equipment will be loaded at Lessor's expense F.O.B  Lessor's yard or other shipping point designated by Lessor  Lessee, at its own expense, shall do all other loading, unloading, installation, dismantling and transportation of the Equipment and shall pay all other freight, demurrage, storage, switching, drayage, rigging, trucking or other transportation charges (including but not limited to, fuel costs and taxes, mileage charges, weight and road use permits, highway taxes and any other IFTA taxes) from the time of loading by Lessor to and including the time of the Equipment's return to Lessor  If the Equipment is transported on its own wheels, Lessee, at its own expense, shall provide a responsible person (at least 21 years of age with a valid drivers license) to accompany the Equipment to and from the shipping and receiving point  Equipment shall be returned to the destination designated by Lessor

11  Payment  In addition to the payment of the Rental Rate specified on the front of this Lease, Lessee shall pay Lessor upon demand

    a   all taxes, levies, assessments, fees and other public charges against or upon any of the Equipment, including, but not limited to, personal property taxes, if applicable

    b   all fines, penalties, forfeitures, court costs, expenses and attorneys fees arising with respect to Lessee's possession, transportation, use, maintenance or repair of the Equipment, including but not limited to any parking, traffic or other violations assessed against the Equipment, Lessor or Lessee.

    c.  Lessor's costs and expenses, including reasonable attorney's fees (unless prohibited by law), incurred in enforcing this Lease, collecting any amounts due hereunder, or in repossessing the Equipment

Any payments more than 30 days past due hereunder shall bear interest at 1.5% per month (or the maximum rate allowed by law, which ever is higher).

12.  Inspection, Maintenance, Repairs and Record Keeping Requirements  Lessee shall effect and bear the expense of all necessary inspections, maintenance, adjustments and repairs required by the Equipment operators manual and law, and shall maintain the Equipment at Lessee's expense in good working condition (including making all repairs occasioned by any accident)  While Lessor shall have the right to inspect the Equipment at any time during normal business hours, Lessee agrees that Lessor has no control over the operation, use, maintenance or repair of the Equipment when it is in Lessee's possession or control. Lessor shall have prompt access to the Equipment to properly maintain and repair same if Lessee fails to do so or upon Lessor's demand, all at Lessee's cost. Lessor shall make or have the right to direct all repairs occasioned by any accident, all at Lessee's expense
OSHA regulations pertaining to the equipment require daily, monthly (or other periodic) and annual inspections.  Lessee is solely responsible for conducting these inspections and for otherwise ensuring that the Equipment meets, and is operated in accordance with, OSHA requirements and ANSI Standards.
Lessee shall keep a written record of all inspections.  Lessor also furnishes the following items with each crane to assist Lessee with OSHA compliance: crane logbook; operator's manual; fire extinguisher; and, load chart.  Lessee will be charged a $500 fee for each missing item not returned with the Equipment.

13.  Damage:  If Lessor determines that the returned Equipment has been subject to damage or excess wear and tear, or improper usage, Lessee agrees to pay Lessor upon demand all costs to restore the Equipment to the same condition as when initially leased, ordinary wear and tear from normal use excepted. Lessee exclusively bears all risk of loss or damage to the Equipment, accidental or otherwise. The replacement value(s) stated on the face hereof shall be used to determine the value of the Equipment in order to establish the amount of the loss or damage thereto. No rent, paid or due, shall apply to the payment of such loss or damage. The Lease term and rental period shall continue to run until all repairs to the Equipment are completed and fully paid by Lessee.

14.  Accidents.  Lessee shall within 24 hours notify Lessor of any accident involving personal injury and/or property damage arising from the transportation, possession, use, maintenance or repair of the Equipment. Lessee shall immediately deliver any summons, pleading, notice, or paper of any kind involving any claim, suit or proceeding relating to any accident or event involving the Equipment. Lessee shall not aid or abet the assertion of any such claim, suit or proceeding, and shall fully cooperate with Lessor in investigating and defending the same. Lessor shall have immediate access to, and right of retrieval and repair of, the Equipment.  Lessor shall make or have the right to direct all repairs occasioned by any accident, all at Lessee's expense.

15  Default:  Lessor may declare this Lease in default if any one or more of the following occurs. (a) Lessee fails to make any payment required hereunder when due; (b) Lessee fails to properly operate, maintain or repair the Equipment; (c) Lessee fails to observe or perform any other covenant or requirement of this Lease; (d) Lessee attempts to sell, transfer or encumber the Equipment; (e) a voluntary or involuntary proceeding is instituted in any court of competent jurisdiction, seeking a decree or order (i) for relief in respect of Lessee under any applicable bankruptcy, insolvency, reorganization, assignment for the benefit of creditors, or other similar law, or (ii) for the appointment of a receiver, liquidator, assignee, custodian, trustee, sequestrator or similar official of Lessee or its property, or (iii) for the winding up or liquidation of the Lessee's affairs; (f) Lessee shall generally fail to pay its debts as they come due; and/or (g) Lessee, in Lessor's opinion, shall become financially insecure. At any time after such declaration, Lessor may enter, with or without legal process, any premises where the Equipment is located and take possession thereof.  Lessee shall provide Lessor with unobstructed ingress and egress for such purpose. Furthermore, Lessee shall immediately pay to Lessor all amounts then due hereunder and all costs of removal and repossession of the Equipment.  Lessor's remedies herein shall be cumulative and are in addition to all other remedies existing at law or in equity

16  No Assignment or Sub-Lease·  This Lease may not be assigned by Lessee and the Equipment may not be offered by Lessee for use or sublet to any other person or entity without Lessor's prior written consent (which consent may be withheld for any reason).  Any consent by Lessor to an assignment or sub-lease shall not release Lessee from any obligations under this Lease.

17  Jury Waiver  <u>UNLESS PROHIBITED BY LAW, LESSEE AND LESSOR EACH KNOWINGLY, UNCONDITIONALLY, AND IRREVOCABLY WAIVE TRIAL BY JURY WITH RESPECT TO ANY ACTION, CLAIM, SUIT OR PROCEEDING, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE, IN RESPECT OF, ARISING OUT OF, RELATED TO, OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM (OR AS TO ANY THIRD PARTIES) IN CONNECTION WITH THIS LEASE, ANY OTHER DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, THE CONDUCT OF THE PARTIES, OR THE TRANSACTIONS RELATED HERETO.</u>

18.  Full Agreement; Governing Law; Waiver; Severability. This Lease, together with any addenda attached, constitute the full agreement of Lessor and Lessee  Any changes to this Lease must be evidenced in writing signed by Lessor and Lessee.  This Lease shall be binding upon and shall inure to the benefit of the parties hereto, their respective successors and permitted assigns.  The law of the state where the Lessors' office is located where this Lease was issued shall control this Lease.  Headings are provided for convenience only, not for interpretation of this Lease. Lessor and Lessee are independent contractors, and neither Lessee nor any operator of the Equipment shall be deemed to be the agent, servant or employee of Lessor for any reason or purpose  No failure of Lessor to enforce performance of any terms or covenants, or to exercise or delay in exercising any right, under this Lease shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right  If any provision of this Lease is held to be invalid or illegal by a Court of competent jurisdiction, the invalid or illegal term will be deemed excluded from this Lease and will not invalidate the remaining terms of this Lease

## INSURANCE REQUIREMENTS

1    Comprehensive general liability policy naming Anthony Crane Rental, L.P. DBA Maxim Crane Works as an additional insured with bodily injury and property damage limits of liability no less than $500,000/ $1,000,000 or $1,000,000 CSL.

2.    Automobile liability naming Anthony Crane Rental, L.P DBA Maxim Crane Works as an additional insured with bodily injury and property damage limits of liability of no less than $500,000/$1,000,000 or $1,000,000 CSL.

3.    Inland marine policy with all risk coverage and any overload or boom exclusion deleted. certificate must show the full value of the equipment, naming Anthony Crane Rental, L.P. DBA Maxim Crane Works as loss payee.

4.    Workers compensation and employers liability insurance, in accordance with all applicable state and federal laws.

5.    Umbrella liability with limits no less than $1,000,000.

6.    All insurance to be in force through the life of the lease agreement.

7    Thirty (30) days prior notice to cancellation.

8.    Equipment to be covered:

    a.    Manufacture/Model/Serial Number/Unit Number:  Unit #8403, Terex RT175, 75 ton rough terrain crane, S/N: 57797

    b    Value: $465,000.00

Please fax and mail your certificate of insurance to the address below:

|  |  |
|---|---|
| Address: | P.O. Box 308 Newport, KY 41072 |
| Phone: | 859-441-7400 |
| Fax: | 859-442-6202 |

DEF'S PLAINTIFF'S
EXHIBIT
B

** RE-PRINT **

# INVOICE

--- REMIT TO ---
P.O. BOX 99610
CHICAGO, IL  60690
800/766-9764 Fax: 859/442-6201



WWW.MAXIMCRANE.COM

| | |
|---|---|
| INVOICE NO: | 91012829 |
| INVOICE DATE: | 06/18/03 |
| P/O #: | |
| INVOICE TOTAL: | 8,480.00 |
| TERMS:  NET UPON RECEIPT | |

BILL TO:    01069106
WILLIAM T. KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL, SC 29731

SHIP TO:    00735891
EASTERN KY. UNIVERSITY
RICHMOND, KY 40475

PHONE: 803 366-4813

Equipment Rental Dates:  06/16/03  Thru  07/13/03                    F.O.B. Shipping Point

ORDER #: X0707883/W23731          BRANCH: WLD      SALESREP:  TAM        TICKET#:

| EQUIPMENT # | DESCRIPTION | QTY | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | ORDERED BY BILL | | | | |
| 8403 | 075 TON ROUGH TERRAIN CRANE S/N 57797 | 1.00 | Month | 8,000.00 | 8,000.00 |
| | SALES TAX:  KY - MADISON - RICHMOND | | | | 480.00 |

| | | | |
|---|---|---|---|
| Page:    1 | | INVOICE TOTAL | 8,480.00 |

** RE-PRINT **

# INVOICE



--- REMIT TO ---
P.O. BOX 99610
CHICAGO, IL 60690
800/766-9764 Fax: 859/442-6201

WWW.MAXIMCRANE.COM

| | |
|---|---|
| INVOICE NO: | 91013265 |
| INVOICE DATE: | 07/16/03 |
| P/O #: | |
| INVOICE TOTAL: | 8,480.00 |
| TERMS:  NET UPON RECEIPT | |

BILL TO:   01069106
WILLIAM T. KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL, SC 29731

SHIP TO:   00735891
EASTERN KY. UNIVERSITY
RICHMOND, KY 40475

PHONE: 803 366-4813

Equipment Rental Dates:  07/14/03  Thru  08/10/03                    F.O.B. Shipping Point

ORDER #: X0707883/W23731          BRANCH: WLD     SALESREP:  TAM        TICKET#:

| EQUIPMENT # | DESCRIPTION | QTY | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | ORDERED BY BILL | | | | |
| 8403 | 075 TON ROUGH TERRAIN CRANE | 1.00 | Month | 8,000.00 | 8,000.00 |
| | S/N 57797 | | | | |
| | SALES TAX:  KY - MADISON - RICHMOND | | | | 480.00 |

| | | |
|---|---|---|
| Page:     1 | INVOICE TOTAL | 8,480.00 |

** RE-PRINT **

--- REMIT TO ---
P.O. BOX 99610
CHICAGO, IL  60690
800/766-9764 Fax: 859/442-6201

# INVOICE



WWW.MAXIMCRANE.COM

| INVOICE NO: | 91013741 |
|---|---|
| INVOICE DATE: | 08/13/03 |
| P/O #: | |
| INVOICE TOTAL: | 8,480.00 |
| TERMS:   NET UPON RECEIPT | |

BILL TO: 01069106
WILLIAM T. KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL, SC 29731

SHIP TO: 00735891
EASTERN KY. UNIVERSITY
RICHMOND, KY 40475

PHONE: 803 366-4813

Equipment Rental Dates:  08/11/03  Thru  09/07/03

F.O.B. Shipping Point

ORDER #: X0707883/W23731        BRANCH: WLD      SALESREP:  TAM        TICKET#:

| EQUIPMENT # | DESCRIPTION | QTY | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | ORDERED BY BILL | | | | |
| 8403 | 075 TON ROUGH TERRAIN CRANE S/N 57797 | 1.00 | Month | 8,000.00 | 8,000.00 |
| | SALES TAX:  KY - MADISON - RICHMOND | | | | 480.00 |

Page:     1

INVOICE TOTAL          8,480.00

# INVOICE

** RE-PRINT **

--- REMIT TO ---
P.O. BOX 99610
CHICAGO, IL  60690
800/766-9764 Fax: 859/442-6201



WWW.MAXIMCRANE.COM

| | |
|---|---|
| INVOICE NO: | 91014174 |
| INVOICE DATE: | 09/10/03 |
| P/O #: | |
| INVOICE TOTAL: | 8,480.00 |
| TERMS: NET UPON RECEIPT | |

BILL TO:    01069106
WILLIAM T. KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL, SC 29731

SHIP TO:    00735891
EASTERN KY. UNIVERSITY
RICHMOND, KY 40475

PHONE: 803 366-4813

Equipment Rental Dates:  09/08/03  Thru  10/05/03                      F.O.B. Shipping Point

ORDER #: X0707883/W23731          BRANCH: WLD     SALESREP:  TAM        TICKET#:

| EQUIPMENT # | DESCRIPTION | QTY | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | ORDERED BY BILL | | | | |
| 8403 | 075 TON ROUGH TERRAIN CRANE S/N 57797 | 1.00 | Month | 8,000.00 | 8,000.00 |
| | SALES TAX:  KY - MADISON - RICHMOND | | | | 480.00 |

| | | |
|---|---|---|
| Page:    1 | INVOICE TOTAL | 8,480.00 |

ANTHONY CRANE RENTAL, LP
DBA MAXIM CRANE WORKS
840 LICKING PIKE
WILDER, KY 41076
859-441-7400  FAX-859-442-6204

| Customer | I N V O I C E | Document | Pc |
|---|---|---|---|
| 1069106 | | 403369 | 1 |
| | | 9/10/03 | Reprint |

Sold To
WT KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL SC 29731

803/366-4813

FOB SHIPPING POINT

| Br | Trk | Make | Model | Serial | Equipment | Meter | Sls | Customer P.O. |
|---|---|---|---|---|---|---|---|---|
| 02 | | PH | RT175 | 57797 | 8403 | | XXX | EKU2055 |

| Ordr | Ship | B/O | Description | Each | Amount |
|---|---|---|---|---|---|
| | | | Closed    9/10/03 | | |

REPLACE DAMAGED HEAD SHEAVE WHEN MACHINE COMES OFF
OF RENT. LABOR IS TO REMOVE HEAD SHEAVE PIN, REPLACE
SHEAVE AND REASSEMBLE.

| Ordr | Ship | B/O | Description | | Each | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | | PH 3207N4F1 | SHEAVE A P03040* | 606.68 | 606.68 |
| | | | TOTAL PARTS | | | 606.68 |
| | 2 | | LABOR CHARGES. | | 77.00 | 154.00 |
| | | | KENTUCKY SALES TAX - 6% | | | 45.64 |

Total     806.32

ANTHONY CRANE RENTAL, LP
DBA MAXIM CRANE WORKS
840 LICKING PIKE
WILDER, KY 41076
859-441-7400  FAX-859-442-6204

| Customer | I N V O I C E | Document | Pg |
|---|---|---|---|
| 1069106 | | 404417 | 1 |
| | | | Reprint |
| | | 9/29/03 | |

Sold To
WT KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL SC 29731

803/366-4813

FOB SHIPPING POINT

----------------------------------------------------------------------

| Br | Trk | Make | Model | Serial | Equipment | Meter | Sls | Customer P.O. |
|---|---|---|---|---|---|---|---|---|
| 02 | | PH | RT175 | 57797 | 8403 | 9,751 | XXX | EKU2055 |

----------------------------------------------------------------------

| Ordr | Ship | B/O | Description | Each | Amount |
|---|---|---|---|---|---|

----------------------------------------------------------------------

Closed   9/29/03

REPAIR ANTI-TWO-BLOCK SYSTEM:. REPLACE DAMAGED ELECTRICAL
A.T.B CABLE FOR THE AUX SHEAVE & STOW AWAY JIB. REPLACE
BROKEN A.T.B. SWITCH ON THE JIB ASSEMBLY. REPLACE DAMAGED
TOP HEAD SHEAVE. MAKE UP NEW KEEPER PINS FOR THE AUX.
SHEAVE & JIB SHEAVE. STRAIGHTEN DAMAGED HEAD ON THE JIB &
AUX. REPLACE DAMAGED AUX. WINCH CABLE. REMOVE, DISASSEMBLE
& CLEAN THE LMI DISPLAY. REPLACE DAMAGED TRANSMISSION HOSE
ASSEMBLY. REPLACE BROKEN AIR FITTING ON THE SWIVEL ASSEMBLY.
CHANGE ENGINE OIL; OIL, FUEL & AIR FILTERS. CHECK LEVELS.
THE WORK WAS PERFORMED AT YOUR RICHMOND,KY. JOBSITE ON
9/15/03 THRU 9/17/03. THE MECHANICS WORKED 45.5 HOURS OF
REGULAR TIME AT $77.00 PER HOUR AND 23 HOURS OF OVERTIME AT
$97.00 PER HOUR.

| Ordr | Ship | | Description | | Each | Amount |
|---|---|---|---|---|---|---|
| 6 | 6 | CS 03816 | WHITE GR | CS0130* | 6.31 | 37.86 |
| 3 | 3 | CS 81464 | ANTI SEI | CS0320* | 10.89 | 32.67 |
| 1 | 1 | FG AF424M | AIR FILT | A04020 | 46.42 | 46.42 |
| 1 | 1 | FG AF820M | AIR FILT | D07010 | 28.79 | 28.79 |
| 1 | 1 | FG FF5052 | FUELFILT | C05030 | 7.52 | 7.52 |

----------------------------------------------------------------------

CONTINUED

ANTHONY CRANE RENTAL, LP
DBA MAXIM CRANE WORKS
840 LICKING PIKE
WILDER, KY 41076
859-441-7400  FAX-859-442-6204

| Customer | I N V O I C E | Document | Pg |
|----------|---------------|----------|-----|
| 1069106 | | 404417 | 2 |
| | | 9/29/03 | Reprint |

Sold To
WT KANE CONSTRUCTION
P.O. BOX 12408
ROCK HILL SC 29731

803/366-4813

FOB SHIPPING POINT

| Br | Trk | Make | Model | Serial | Equipment | Meter | Sls | Customer P.O. |
|----|-----|------|-------|--------|-----------|-------|-----|---------------|
| 02 | | PH | RT175 | 57797 | 8403 | 9,751 | XXX | EKU2055 |

| Ordr | Ship | B/O | Description | | Each | Amount |
|------|------|-----|-------------|--|------|--------|
| 1 | 1 | | FG FS1280 | F W SEPR C06070 | 8.12 | 8.12 |
| 1 | 1 | | FG LF3000 | LUBEFILT E08020 | 32.45 | 32.45 |
| 1 | 1 | | KR 708 0275 | SWITCH 2A0381 | 643.75 | 643.75 |
| 1 | 1 | | LB WC-MOB I | OIL SAMP LOCKER* | 9.64 | 9.64 |
| 1 | 1 | | PC A048073-130 | CABLE FO * | 376.86 | 376.86 |
| 1 | 1 | | PH 3207N4F1 | SHEAVE A P03040* | 606.68 | 606.68 |
| 550 | 550 | | WR 1225W16ID/6824901 | 3/4 25RR * | 1.70 | 935.00 |
| | | | TOTAL PARTS | | | 2,765.76 |
| | 212 | | MILEAGE | | 1.50 | 318.00 |
| | 6 | | 15W40-BULK | OIL | 5.79 | 34.74 |
| | 1 | | FIELD LABOR | | 5,734.50 | 5,734.50 |
| | | | KENTUCKY SALES TAX - 6% | | | 168.03 |

| | Weight | 67.0 lb | Total | 9,021.03 |
|--|--------|---------|-------|----------|



B210-68B
Rev. 04-05-99

BOND NO: 33BᴜᴄᴄBV0730

CONTRACT NO. C-02402026

# PART V

## FINANCE AND ADMINISTRATION CABINET
## DEPARTMENT FOR FACILITIES MANAGEMENT
## DIVISION OF CONTRACTING AND ADMINISTRATION

## PERFORMANCE BOND

Hartford Fire Insurance Company       , as

surety ("Surety"), and James R. Leake & Son, Inc., 147 South Estill Ave., Richmond, KY 40475
      (Insert Proper Name of Contractor)

as principal ("Contractor"), enter into, execute this bond ("Performance Bond"), and bind

themselves in favor of Commonwealth of Kentucky as obligee ("Owner") in the penal sum
      (Insert Proper Name of Owner)

of   $5,741,800.00
      (Insert Penal Sum)

      WHEREAS, the Contractor has executed a contract with the Owner ("Construction Contract") for construction of Invitation to Bid. ES-113-03

Health Education Center - Phase I
Eastern Kentucky University
Richmond, Kentucky

      (Insert Description and Location of the Construction Project)

BOND NO: 33BCSBV0730

CONTRACT NO. C-02402026

WHEREAS, the Owner has required the Contractor to furnish this Performance Bond containing the terms and conditions set forth herein as a condition to executing the Construction Contract with the Contractor.

NOW THEREFORE, the Surety and the Contractor, both jointly and severally, and for themselves, their heirs, administrators, executors and successors agree:

1.

The Construction Contract is hereby incorporated herein and by reference made a part hereof to the same extent and effect as though it were copied verbatim herein. The Surety and the Contractor are bound for the full performance of the Construction Contract including without exception all of its terms and conditions, both express and implied.

2.

If the Contractor is in default of the Construction Contract and the Owner, by written notice to the Contractor and the Surety, declares the Contractor to be in default and terminates the right of the Contractor to proceed, the Surety shall thereupon promptly notify the Owner in writing as to which of the actions permitted to the Surety in Paragraph 3 it will take.

3.

Upon the default and termination of the Contractor and notice to the Contractor and Surety as provided in Paragraph 2 above, the Surety shall within 30 days proceed to take one or, at its option, more than one of the following courses of action.

(A)    Proceed itself, or through others acting on its behalf, to complete full performance of the Construction Contract including, without limitation, correction of defective and nonconforming work performed by or on behalf of the Contractor. During such performance by the Surety the Owner shall pay the Surety from its own funds only such sums as would have been due and payable to the Contractor in the absence of the default and termination.

BOND NO: __33BC___V0730__

CONTRACT NO. C-02402026

(B)    Applicable law permitting, and with the prior written consent of the Owner, obtain bids
or proposals from contractors previously identified as being acceptable to the Owner, for
full performance of the Construction Contract. The Surety shall furnish the Owner a
copy of such bids or proposals upon receipt of same. The Surety shall promptly select,
with the agreement of the Owner, the best responsive bid or proposal and shall promptly
tender the contractor submitting it, together with a contract for fulfillment and completion
of the Construction Contract executed by the completing contractor, to the Owner for the
Owner's execution. Upon execution by the Owner of the contract for fulfillment and
completion of the Construction Contract, the completing contractor shall furnish to the
Owner a Performance Bond and a separate payment bond, each in the form of those
bonds previously furnished to the Owner for the project by the Contractor. Each such
bond shall be in the penal sum of the (1) fixed price for completion. (2) guaranteed
maximum price for completions, or (3) estimated price for completion, whichever is
applicable. The Owner shall pay the completing contractor from its own funds only such
sums as would have been due and payable to the Contractor under the Construction
Contract as and when they would have been due and payable to the Contractor in the
absence of the default and termination. To the extent that the Owner is obligated to pay
the completing contractor sums which would not have then been due and payable to the
Contractor under the Construction Contract, the Surety shall provide the Owner with such
sums in a sufficiently timely manner that the Owner can utilize such sums in making
timely payment to the completing contractor; or.

(C)    Take any and all other acts if any, mutually agreed upon in writing by the Owner and the
Surety.

4.

In addition to those duties set forth hereinabove, the Surety shall promptly pay the Owner
all loss, costs and expenses resulting from the Contractor's default(s), including, without
limitation, fees, expenses and costs for architects, engineers, consultants, testing, surveying and
attorneys, liquidated or actual damages, as applicable, for delay in completion of the Project, and
fees, expenses and costs incurred at the direction, request, or as a result of the acts or omissions
of the Surety.

BOND NO: __33BCSLV0730__

CONTRACT NO. C-02402026

### 5.

In no event shall the Surety be obligated to the Owner hereunder for any sum in excess of the Penal Sum.

### 6.

The Surety waives notice of any changes to the Construction Contract including, without limitation, changes in the contract time, the contract price, or the work to be performed.

### 7.

This Performance Bond is provided by the Surety for the sole and exclusive benefit of the Owner, and, if applicable, any dual obligee designated by rider attached hereto, together with their heirs, administrators, executors, successors or assigns. No other party, person or entity shall have any rights against the Surety hereunder.

### 8.

No action shall be commenced hereunder after the passage of the longer of two (2) years following the date on which the final payment of the contract falls due or, if this bond is provided in compliance with applicable law, any limitation period provided therein. If the limitation period contained in the Paragraph is unenforceable, it shall be deemed amended to provide the minimum period for an action against the Surety on a performance bond.

### 9.

Any and all notices to the Surety, the Contractor or the Owner shall be given by Certified Mail, Return Receipt Requested, to the address set forth for each party below:

BOND NO: __33BC___ __0730__

CONTRACT NO. C-02402026

SURETY:  Hartford Fire Insurance Company 10507 Timberwood Circle Ste 208 Louisville
KY  40223

CONTRACTOR:  James R. Leake & Son, Inc., 147 South Estill Ave., Richmond, KY 40475

OWNER:  Commonwealth of Kentucky, Finance and Administration Cabinet, Frankfort, KY

## 10.

Any statutory limitation, which may be contractually superseded, to the contrary notwithstanding, any action hereon may be instituted so long as the applicable statute of limitations governing the Construction Contract has not run or expired.

WITNESS:                                    PRINCIPAL:

SURETY:

Sandy Q. Black, Attorney-in-fact

B210-68 A
Rev. 04/05/99

C-02402026
ACCT. NO. 00-0200-430-D430-41-109-0109-P010900Z
ENG. FILE NO. PEKU0310
CT AMOUNT: $5,741,800.00

# PART IV

## FINANCE AND ADMINISTRATION CABINET
## DEPARTMENT FOR FACILITIES MANAGEMENT
## DIVISION OF CONTRACTING AND ADMINISTRATION

# PAYMENT BOND

Hartford Fire Insurance Company _____ as
(Insert Proper Name of Surety)

surety ("Surety"), and James R. Leake & Son, Inc., 147 South Estill Ave., Richmond, KY
40475 _____ as
(Insert Proper Name of Contractor)

principal ("Contractor"), enter into, execute this bond ("Payment Bond"), and bind themselves

in favor of ___Commonwealth of Kentucky___ as obligee ("Owner") in the penal sum of
(Insert Proper Name of Owner)

$5,741,800.00.

WHEREAS, the Contractor has executed a contract with the Owner ("Construction
Contract") for construction of Invitation to Bid. ES-113-03

Health Education Center - Phase I
Eastern Kentucky University
Richmond, Kentucky

(Insert Description and Location of the Construction Project)

C-02402026
ACCT. NO. 00-0200-430-D430-41-109-0109-P010900Z
ENG. FILE NO. PEKU0310
CT AMOUNT: $5,741,800.00

("PROJECT"): and,

WHEREAS, the Owner has required the Contractor to furnish this Payment Bond containing the terms and conditions set forth herein as a condition to executing the Construction Contract with the Contractor;

NOW THEREFORE, the Surety and the Contractor, both jointly and severally, and for themselves, their heirs, administrators, executors and successors agree:

1.

The Construction Contract is hereby incorporated herein and by reference made a part hereof to the same extent and effect as though it were copied verbatim herein. The Surety and the Contractor are bound for the full performance of the Construction Contract including without exception all of its terms and conditions, both express and implied, and, without limitation, specifically including Contractor's obligation to pay for labor, materials, services and equipment provided in connection with the Construction Contract performance.

2.

For purposes of this Payment Bond, Beneficiary is defined as person or entity who has actually provided labor, material, equipment, services or other items for use in furtherance of the Construction Contract, and having:

(A)     a direct contract with the Contractor; or

(B)     a direct contract with a subcontractor of the Contractor; or

(C)     rights, under the laws of the jurisdiction where the Project is located, to file a lien, a claim or notice of lien, or otherwise make a claim against the Project or against funds held by the Owner, if the Project is, or were, subject to such filing.

3.

The Surety shall not be obligated hereunder to a Beneficiary other than a Beneficiary having a direct contact with the Contractor unless such Beneficiary has given written notice of its claim to the Contractor and the Surety as follows:

(A)     the period of time provided by the jurisdiction wherein the Project is located for (1) filing a lien, claim of lien, notice of lien, if the Project is, or were, subject to

C-02402026
ACCT. NO. 00-0200-430-D430-41-109-0109-P010900Z
ENG. FILE NO. PEKU0310
CT AMOUNT: $5,741,800.00

such filing (KRS 376.230), or (2) otherwise making a claim against the Project or against funds held by the Owner;

stating the amount claimed and identifying, by name and address, the person or entity to whom such labor, material, equipment, services or other items were provided.

4.

In no event shall the Surety be obligated hereunder for sums in excess of the Penal Sum.

5.

Upon receipt of claim from a Beneficiary hereunder, the Surety shall promptly, and in no event later than 30 days after receipt of such claim, respond to such claim in writing (furnishing a copy of such response to the owner) by:

(A)    making payment of all sums not in dispute; and

(B)    stating the basis for disputing any sums not paid.

6.

No action shall be commenced by a Beneficiary hereunder after the passage of the longer of two (2) years following the date on which the final payment of the contract falls due or, if this bond is provided in compliance with applicable law, any limitation period provided therein.  If the limitation period contained in this Paragraph is unenforceable, it shall be deemed amended to provide the minimum period for an action against the Surety on a payment bond by a third-party beneficiary thereof.

C-02402026
ACCT. NO. 00-0200-430-D430-41-109-0109-P010900Z
ENG. FILE NO. PEKU0310
CT AMOUNT: $5,741,800.00

7.

Any and all notices to the Surety or the Contractor shall be given by Certified Mail, Return Receipt Requested, to the address set forth for each party below:

SURETY:  Hartford Fire Insurance Company, 10507 Timberwood Circle Ste 208, Louisvill KY 4022

CONTRACTOR:  James R. Leake & Son, Inc., 147 South Estill Ave., Richmond, KY 40475

OWNER:  Commonwealth of Kentucky, Finance and Administration Cabinet, Frankfort, KY

WITNESS:

_Bill C. Rice_

PRINCIPAL:

_[signature]_ INC

_[signature]_ Pres.

_Brenda S. Stickroel_

_James F. [signature]_

SURETY:

_[signature]_

- Sandy Q. Black, Attorney-in-fact

(Attorney-in-Fact)

10/17/03 10:28 FAX 502 554 9815 SDNY-LEE-SER
Case 04-03400-MBM Doc 1-15 Filed 12/23/04 Entered 12/23/04 12:46:44 Desc
Complaint Page 30 of 30
HARTFORD PROD FAX
HARTFORD, CONNECTICUT 06115
@012

| | | |
|---|---|---|
| ☒ Hartford Fire Insurance Company | Twin City Fire Insurance Company | ☐ |
| ☐ Hartford Casualty Insurance Company | Hartford Insurance Company of Illinois | ☐ |
| ☐ Hartford Accident and Indemnity Company | Hartford Insurance Company of the Midwest | ☐ |
| ☐ Hartford Underwriters Insurance Company | Hartford Insurance Company of the Southeast | ☐ |

KNOW ALL PERSONS BY THESE PRESENTS THAT the *Hartford Fire Insurance Company, Hartford Accident and Indemnity Company* and *Hartford Underwriters Insurance Company*, corporations duly organized under the laws of the State of Connecticut; *Hartford Insurance Company of Illinois*, a corporation duly organized under the laws of the State of Illinois; *Hartford Casualty Insurance Company, Twin City Fire Insurance Company* and *Hartford Insurance Company of the Midwest*, corporations duly organized under the laws of the State of Indiana; and *Hartford Insurance Company of the Southeast*, a corporation duly organized under the laws of the State of Florida; having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, *up to the amount of* UNLIMITED :

WILLIAM F. COWGILL, JR., JOHN B. MILWARD, TERESA L. ROBINSON, SANDY Q. BLACK AND
CHRIS P. BARNETT OF LEXINGTON, KENTUCKY

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by ☒, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on September 12th, 2000, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary, this 19th day of September, 2000.



Paul A. Bergenholtz, Assistant Secretary

John P. Hyland, Assistant Vice President

STATE OF CONNECTICUT } ss. Hartford
COUNTY OF HARTFORD }

On this 19th day of September, 2000, before me personally came John P. Hyland, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.



CERTIFICATE

Jean H. Wozniak
Notary Public
My Commission Expires June 30, 2004

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of February 5, 2003

Signed and sealed at the City of Hartford.



Colleen Mastroianni, Assistant Vice President

PDA2000